# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

RONNIE G. MOORE,           )
                           )
      Plaintiff,        )
                           )
VS.                    )         No. 15-1213-JDT-cgc
                           )
GRADY PERRY, ET AL.,     )
                           )
      Defendants.    )

---

## ORDER GRANTING MOTION TO AMEND AND
## DIRECTING CLERK TO MODIFY THE DOCKET,
## PARTIALLY DISMISSING AMENDED COMPLAINT, AND DIRECTING
## THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

---

On August 24, 2015, Plaintiff Ronnie G. Moore, an inmate at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Moore filed the required documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On August 3, 2016, the Court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but granted leave to amend. (ECF No. 8.) Moore filed a timely amended complaint on October 19, 2016. (ECF No. 12.)[1] Pursuant to the amended complaint, the Clerk shall record Dr. Bernhard Dietz, M.D. and Ollie Herron, F.N.P, as additional Defendants. Moore also filed an additional

---

[1] Following entry of the order of dismissal with leave to amend, a judgment was erroneously entered. (ECF No. 9.) When Moore filed an extension of time to file his amendment, the Court set aside the judgment and granted the extension. (ECF No. 11.)

motion to amend, seeking to change the name of Defendant Corrections Corporation of America to CoreCivic. (ECF No. 14.) That motion to amend is GRANTED, and the Clerk is directed to MODIFY the docket to reflect the name change to CoreCivic.

In his amended complaint, Moore alleges that he was diagnosed with severe acid reflux (gastroesphageal reflux disease) in 2005 and prescribed 300 mg of ranitidine (Zantac) twice each day to treat the condition. (ECF No. 12 at 2-3.) He alleges that he suffers severe and persistent pain without that medication. (*Id.* at 3.) When Moore ran out of ranitidine while at the HCCF in July 2015, he signed up on sick call to get the prescription renewed; however, he was not called to be seen by any of the medical staff. (*Id.*) He alleges that he signed up on sick call repeatedly, but was never seen by the medical staff. (*Id.*) Moore also alleges that as a result of not being given his medication, he experienced chest pain on or about September 13, 2015,[2] and was taken by ambulance to the hospital because the nurse thought he was having a heart attack. (*Id.*) However, the hospital personnel determined that the chest pain was caused by Moore's acid reflux and gave him ranitidine, which alleviated the pain. (*Id.*) When he was returned to the HCCF, Moore again signed up for sick call to get his prescription renewed but still was unsuccessful. (*Id.*)

Moore further alleges that Defendants Dietz and Herron created a policy on September 15, 2015, pursuant to which certain hygiene items and medications, including ranitidine, would no longer be provided to CJC inmates because they would be available over-the-counter in the commissary. (*Id.*; *see also* Ex. A, ECF No. 12-1.) Moore alleges that a box of twenty-eight 75 mg ranitidine pills costs $6.44 in the commissary; since he was prescribed 600 mg per day, he would need two boxes per week at a cost of approximately $55.00 per month. He alleges he cannot

---

[2] Moore states this episode occurred on the Sunday following Labor Day, 2015. (*Id.*)

afford to purchase the amount he needs because it is more than the wages from his job. (*Id.* at 4.) Moore further alleges that Defendant Warden Grady is aware of the policy and has made no effort to change it. (*Id.* at 3.)

Moore alleges the Defendants' policy requiring him to either purchase his medication from the prison commissary or go without because it is too expensive constitutes deliberate indifference to his serious medical needs and causes him excruciating pain on a daily basis. (*Id.* at 4.) He alleges that CoreCivic's goal in promulgating the policy in question is to maximize cost savings at the expense of adequate medical care for inmates. (*Id.*; *see also id.* at 6.) He seeks compensatory and injunctive relief. (*Id.* at 6.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the previous order of dismissal (ECF No. 8 at 2-5) and will not be reiterated here.

The only allegation in the amended complaint concerning Defendant Perry is that he was aware of the allegedly unconstitutional policy but made no attempt to change it. However, mere failure to act in the face of unconstitutional conduct is not a sufficient basis for supervisory liability. As stated in the prior order, a § 1983 plaintiff must plead that "a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Moore's amended complaint contains no such allegations. Therefore, the amended complaint fails to state a claim against Defendant Perry.

Moore's allegations that the Defendants policy amounted to a denial of adequate medical care arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "The right to adequate medical care is guaranteed

3

to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore*, 390 F.3d at 895; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson*, 398 F.3d at 874.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more

blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838. The subjective component must be evaluated for each defendant individually. *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011); *see also id.* at 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

It is not *per se* unconstitutional to require an inmate to pay for his own medications, but indigent inmates must be provided with medical care regardless of ability to pay. *White v. Corr. Med. Servs., Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."); *see also Anderson v. Less*, No. 14-3167 (6th Cir. Sept. 19, 2014) (citing *White*); *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010). In this case, the Court finds that Moore has stated an Eighth Amendment claim against Defendants Dietz and Herron for lack of adequate medical care.

With regard to Moore's claims against CoreCivic, "[a] private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir.

2001). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CoreCivic, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*

Although the complaint is not a model of clarity, *pro se* complaints must be construed liberally. Moore alleges that the policy in question, requiring inmates at the HCCF to purchase needed medications or go without, was put in place by the Defendants, including CoreCivic, in order to maximize profits. (ECF No. 12 at 4, 6.) Therefore, the Court finds that Moore has stated an Eighth Amendment claim against CoreCivic.

For the foregoing reasons, the Court DISMISSES the claims against Defendant Perry for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendant CoreCivic and for Defendants Deitz and Herron in their individual capacities.

It is ORDERED that the Clerk shall issue process for Defendants CoreCivic, Dietz and Herron and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant CoreCivic[3] pursuant to Federal Rule of Civil Procedure 4(h) and Tennessee Rules of Civil Procedure 4.04(4) and (10) and on Defendants Dietz and Herron pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

---

[3] CoreCivic's registered agent for service of process is CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546. *See* https://tnbear.tn.gov/Ecommerce/FilingSearch.aspx.

It is further ORDERED that Moore shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants CoreCivic, Dietz and Herron or on any unrepresented Defendant. Moore shall make a certificate of service on every document filed. Moore shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Moore is reminded that he must promptly notify the Clerk, in writing, of any change of address or extended absence. Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at https://tnwd.courts.gov/pdf/content/LocalRules.pdf.